E-FILED
Tuesday, 21 April, 2026  02:50:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| NATHAN COURTLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1464 |
| | ) | |
| LIVINGSTON COUNTY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Livingston County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that for approximately five days in September 2025, Livingston County officials failed to provide cleaning supplies after another inmate contracted head lice. Plaintiff alleges that Defendant Legner provided delousing shampoo to only one detainee to save money and failed to provide lice spray for bedding. Plaintiff alleges Defendants Harmon and Draper

responded to his grievances, but nothing changed. Plaintiff alleges that Defendant Legner told him she had notified Defendant Lochard.

Assuming that a head lice infestation is a sufficiently serious deprivation for constitutional purposes, Plaintiff does not allege that he contracted head lice or that his cell otherwise became infested, and he makes only a conclusory statement that Defendants denied medical treatment. Plaintiff does not have a freestanding constitutional right to favorable dispositions via the grievance process.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 21st day of April, 2026.


_s/Sara Darrow_
SARA DARROW
UNITED STATES DISTRICT JUDGE